### GUERLAIN, INC. v. UNITED STATES

**No. 5481.**—Invoice dated London, England, October 1, 1938.
Certified October 6, 1938.
Entered at New York October 18, 1938.
Entry No. 9117.

(Decided October 24, 1941)

*B. A. Levett* (*Meyer Ohlbaum* of counsel) for the plaintiff.

*Charles D. Lawrence,* Acting Assistant Attorney General (*Samuel D. Spector,* special attorney), for the defendant.

KINCHELOE, Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between Paul P. Rao, Assistant Attorney General, attorney for the defendant and B. A. Levett, attorney for the plaintiff, subject to the approval of the Court, that the merchandise covered by the reappraisement enumerated above, consists of paper boxes.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Sec. 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to said merchandise covered by the reappraisement enumerated above, is the same as the issue involved in the case of *United States* v. *Guerlain, Inc.,* decided in C. A. D. 146.

It is further stipulated and agreed that the entered value of the merchandise here involved is equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

The reappraisement is waived as to all merchandise except boxes.

It is further stipulated by the undersigned of counsel for the plaintiff, that he has personally examined the reappraisement covered by this stipulation and of his own knowledge certifies that said reappraisement has been properly signed and filed in time.

The reappraisement is submitted on this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that as to the paper boxes such value is the entered value.

The appeal having been waived insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed. Judgment will be rendered accordingly.